# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CHRISTOPHER HAWKINS,<br><br>  Defendant. | CASE NO.: 5:25-cr-1 |

## ORDER

Defendant Christopher Hawkins moved to suppress wiretap evidence. Dkt. No. 648. The Magistrate Judge issued a Report and Recommendation, recommending that the Court deny Hawkins's Motion. Dkt. No. 854. Defendant Hawkins filed Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 882. After conducting an independent and de novo review of the entire record in this matter, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Hawkins's Objections. The Court **DENIES** Hawkins's Motion to Suppress.

## BACKGROUND

This case involves an investigation into a wide-ranging drug trafficking conspiracy. On January 15, 2025, the grand jury

indicted Hawkins and 36 others of several counts, including money laundering, firearms possession, and trafficking controlled substances. Dkt. No. 3. During the investigation, the Government obtained a series of wiretap orders. Relevant to this Motion, the Court authorized a wiretap on August 9, 2023, for Target Telephone 1 ("TT1") belonging to Defendant Hawkins. Dkt. No. 712-1 at 2. Then, on September 7, 2023, the Court authorized a continuing wiretap of TT1. Hawkins filed a Motion to Suppress. Dkt. No. 648. Hawkins argues in his Motion that the wiretap applications in question did not demonstrate sufficient probable cause and that the affidavits in support of the applications included material omissions. Id. at 3-10. Hawkins also argues that the wiretap applications did not sufficiently demonstrate that a wiretap was necessary. Id. at 10. Hawkins argues these present grounds to suppress the fruits of the wiretaps of TT1. Id.

The Magistrate Judge recommends denial of Hawkins's Motion, concluding that his probable cause arguments lack merit. Dkt. No. 854 at 8-10. The Magistrate Judge also determines that Hawkins's necessity arguments should fail because the affidavits in support of the wiretap applications sufficiently demonstrated that a wiretap was necessary under the circumstances. Id. at 10-13. Hawkins filed Objections, only contesting the Magistrate Judge's conclusions about necessity. Dkt. No. 882.

## DISCUSSION

In his Objections, Hawkins only contests the Magistrate Judge's conclusions about necessity. Dkt. No. 882. Hawkins argues that "the government defaulted to wiretaps as a matter of convenience rather than necessity. Id. at 2. Hawkins argues that the affidavit in support of the initial wiretap application fails to demonstrate why traditional methods would be insufficient. Id. He asserts that "[t]he government's reliance on wiretaps appears to circumvent traditional methods, which is contrary to the statutory mandate that wiretaps are not to be used as routinely as the first step in investigations." Id.

I concur with the Magistrate Judge's analysis. Hawkins asserts that the Government "defaulted" to wiretaps as an initial step, but the record does not support this assertion. The Magistrate Judge accurately explains that the wiretap applications included specific and detailed explanations of which alternative investigative methods were used and why they were not sufficient. Dkt. No. 854 (citing Dkt. No. 712-3 ¶¶ 94-125). In fact, the affidavits demonstrate that investigators attempted or considered over a dozen different investigative methods, with limited success. Id. Contrary to Hawkins's arguments, the affidavits include detailed descriptions of the specific reasons why each prior method was insufficient. For example, the affiant explained that pole cameras were useful to provide "substantive evidence,"

but that without additional tools, their impact is limited. Dkt. No. 712-3 ¶ 125. And pole cameras "have limitations caused by inclement weather, obstructions from natural and man-made objects, and limitations in where they can be placed." Id. The affiant made similar representations of impracticality for every alternative method attempted. Id. ¶¶ 94-125.

Hawkins's argument that wiretaps are only upheld "when conventional methods have been thoroughly exhausted" overstates the standard that a wiretap application must meet. Dkt. No. 882 at 3. Hawkins cites United States v. Van Horn for the proposition that "the necessity requirement is designed to ensure that electronic surveillance is neither routinely employed nor used when less intrusive techniques will succeed." 789 F.2d 1492, 1496 (11th Cir. 1986) (quoting United States v. Giordano, 416 U.S. 505, 515 (1974)). But in that opinion, the Eleventh Circuit Court of Appeals states in the next line: "The affidavit need not, however, show a comprehensive exhaustion of all possible techniques, but must simply explain the retroactive or prospective failure of several investigative techniques that reasonably suggest themselves." Id. As explained above, the affidavit included information about numerous attempted techniques that investigators attempted prior to requesting a wiretap. Investigators were not required to do more. Hawkins's Objections, therefore, present no basis to suppress the fruits of any wiretap.

CONCLUSION

Accordingly, and after conducting an independent and de novo review of the entire record in this matter, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Hawkins's Objections. The Court **DENIES** Hawkins's Motion to Suppress.

**SO ORDERED**, this 29 day of December, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA